Ryan T. Earl
Earl & Earl, PLLC
ryantearlattorneyatlaw@yahoo.com
ISB# 8342 WSBA# 34007
212 10th Ave. South
Nampa, ID 83651
(208)-890-0355
Fax(208)330-8099
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WAYNE TAYLOR, an Idaho individual.<br><br>Plaintiff,<br><br>vs.<br><br>COLLECTION BUREAU, INC., an Idaho Corporation, IDAHO ARTHRITIS & OSTEOPOROSIS, P.C., an Idaho Professional Corporation, ST. LUKE'S HEALTH SERVICES, LTD., an Idaho Nonprofit Corporation, MARK L. CLARK, PLLC, an Idaho Professional Limited Liability Company, G. CONNIE RUINA, an Individual and Attorney for Mark L. Clark, PLLC, KERRY MICHAELSON an Individual and Attorney for Mark L. Clark, PLLC, and DOES 1-5 To Be Determined.<br><br>Defendant. | Case No:<br><br>VERIFIED COMPLAINT |

COMES NOW the Plaintiff, WAYNE TAYLOR, by and through his attorney of record, Ryan T. Earl, of the law firm Earl & Earl, PLLC, and hereby brings this Complaint seeking damages by the Defendants jointly and severally for violations of Federal Law including the Fair Debt Collection Practices Act, Conspiracy, and Racketeering Influence and Criminal Organizations Act and alleges the following:

VERIFIED COMPLAINT- Page 1 of 15

## BACKGROUND

Today our lives are based around our credit score for so many necessities of modern life, beyond simply credit or the costs of borrowing money. Our credit scores affect automobile insurance, telecommunication and many other areas of our daily lives, even including today's health care. We can couple a credit score with a person's reputation or standing within any community and find the two are extremely closely linked to each other.

Take, for instance, Plaintiff, Wayne Taylor, a man who pays his bills, and whose reputation is crucial to his career. Mr. Taylor, at the time of the lawsuit in Idaho Court, was the department head of the Legal program at a local college located in Boise, and relied upon his reputation to represent his school program and students in the community throughout the Boise area. The Defendants in this case did willfully and maliciously cause injury to Mr. Taylor and his credit standing and reputation through no fault of his own.

Starting in August of 2009, Mr. Taylor began experiencing severe pain in his legs making standing while teaching nearly impossible. Mr. Taylor sought the help of Dr. White, who thought the problem was arthritis and referred Mr. Taylor to a specialist. Mr. Taylor also sought treatment from Dr. Daryl MacCarty, of Idaho Arthritis and Osteoporosis, P.C., located in St. Luke's, Meridian, Idaho. After many tests, including an ultra-sound that was supposed to be a temporal scan, but was performed on Mr. Taylor's wrists – which was questioned thoroughly by Mr. Taylor – the medical professionals were unable to determine the cause.

With no clear answer, but mounting medical bills, Mr. Taylor began making monthly payments to St. Luke's Medical Center. The amount due to Idaho Arthritis & Osteoporosis, P.C., was included on the St. Luke's Medical Center billing. Mr. Taylor made monthly payments to St. Luke's Medical Center to pay his bill. Mr. Taylor assumed that since St. Luke's included the Idaho Arthritis & Osteoporosis's balances in their billing statement that St. Luke's was collecting for and remitting payment to Idaho Arthritis & Osteoporosis; however, St. Luke's

apparently paid their entire bill first, and then remitted the remaining payments to Idaho Arthritis & Osteoporosis. Idaho Arthritis & Osteoporosis, having received no payments from Mr. Taylor, eventually sent Mr. Taylor's bill to Collection Bureau, Inc. for collection on the alleged amount due. Mr. Taylor continued to make his monthly payment to St. Luke's Medical Center. Mr. Taylor continued to believe St. Lukes was apportioning his payments between St. Lukes and Idaho Arthritis & Osteoporosis. The balance due to Idaho Arthritis & Osteoporosis was still being included on his St. Luke's billing statement. Now, on top of being in pain nearly every day, Mr. Taylor had the added stress of a collection agency hounding him for a payment he was already making to the original creditor. Mr. Taylor was placed in position of extreme frustration by St. Luke's, Idaho Arthritis & Osteoporosis, and Collection Bureau, Inc.

Additionally, Mr. Taylor, upon being threatened with litigation, contacted St. Luke's billing department and asked for a complete accounting to determine, if possible, what the billing was and why he was being threatened. St. Luke's sent by US Mail, a one page document which showed a total bill of $958.00, (a true and correct copy is attached hereto and incorporated herein as PLAINTIFF'S EXHIBIT 1) The amount in Exhibit 1 is, coincidently, the total Mr. Taylor owed to Defendants St. Luke's and Idaho Arthritis & Osteoporosis.

Mr. Taylor was stressed over his health, but he was worried his good name was being tarnished; while he was doing what he thought was proper, paying his bills. To make matters worse, Collection Bureau, Inc. filed a lawsuit against Mr. Taylor, for the medical bill he was currently paying to St. Luke's on December 21, 2010. When Collection Bureau, Inc. first contacted Mr. Taylor, he explained to them that he was making his payments to St. Luke's, who he thought was dividing the payments and allocating accordingly. Mr. Taylor was extremely upset; he was worried about how this would affect his position at the school, his good name, his credit rating, and his standing in the community. Mr. Taylor was anxious, suffered from anxiety causing him sleepless nights and he became irritable and short tempered with those around him.

Mr. Taylor wondered how he could be sued for a bill, while he was still making a monthly payment on the bill to the original creditor, St. Luke's Medical Center, and in fact was paid in full at the time of the trial.

At a settlement conference, Mr. Taylor met with G. Connie Runia, attorney of record for Collection Bureau, Inc., where Ms. Runia stated to Mr. Taylor that he "should pay his bills". Mr. Taylor responded "I pay my bills every month to St. Luke's." Ms. Runia ignored Plaintiff's response and trial was set for July 27, 2011. Trial was held on the underlying alleged debt on July 27, 2011 and a judgment was rendered against Mr. Taylor. During the trial, Mr. Taylor motioned to have his canceled checks for the payments he had been making to St. Luke's Medical Center, but CBI's attorney Kerry Michaelson objected because the copy of his final payment did not have the reverse side of the check. Mr. Taylor now has copies of his checks, made payable to St. Luke's and Idaho Arthritis & Osteoporosis, and ironically, deposited by Collection Bureau, Inc. At the time of the trial, Collection Bureau, Inc. knew Mr. Taylor's debt was paid in full, but chose to proceed with seeking a judgment on Mr. Taylor's paid debt; apparently only to collect on attorney's fees and costs. Interestingly, had Collection Bureau, Inc. taken the time to properly investigate, as required by the Fair Debt Collection Practices Act, they would have found that St. Luke's was already collecting and receiving payments for the alleged Idaho Arthritis & Osteoporosis debt, thus preventing this matter entirely.

Since this trial, Mr. Taylor has suffered severe stress and felt "extremely distraught" over the miscarriage of justice during trial. Mr. Taylor is enraged at the damage to his character caused by this suit. Again, the result for Mr. Taylor was more sleepless nights, stress, and aggravation, compounding upon stress and aggravation already in place. This matter has consumed Mr. Taylor for over a year; first trying to defend his good name, then trying to come to terms with the miscarriage of justice in the Idaho State Court.

## JURISDICTION AND PARTIES

1. Venue in the United States District Court for the District of Idaho is proper and the Court has Jurisdiction over the parties.

2. This present action arises out of medical services provided in the State of Idaho.

3. Parties all reside within the State of Idaho.

4. Plaintiff, Wayne Taylor is a person and resident of the State of Idaho, residing in Kuna, Idaho.

5. Defendant Collection Bureau, Inc., hereinafter CBI, is an Idaho corporation doing business in the state of Idaho.

6. Defendant Idaho Arthritis & Osteoporosis Center, P.C., hereinafter Idaho Arthritis, is an Idaho professional corporation, doing business in the state of Idaho.

7. Defendant St. Luke's Health Systems, Ltd., hereinafter St. Lukes, is an Idaho non-profit corporation.

8. Defendant Mark L. Clark, PLLC, hereinafter Clark, is an Idaho limited liability professional company.

9. Defendant G. Connie Ruina, ISB No. 8655, hereinafter Ruina, is an individual and an attorney for Defendant law firm Mark L. Clark, PLLC.

10. Defendant Kerry Michaelson, ISB No. 7775, hereinafter Michaelson is an attorney for Defendant law firm, Mark L. Clark, PLLC.

11. Plaintiff, Wayne Taylor, brings this action under Federal Law for violations of said law(s) as outlined below.

12. *Rooker-Feldman* doctrine does not apply to this present action due to Plaintiff Taylor not seeking this Court to overturn a state court ruling, but for violations of Federal

VERIFIED COMPLAINT- Page 5 of 15

Statutes including the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.*, conspiracy 18 U.S.C. 371, and the Racketeer Influence and Corrupt Organizations Act 18 U.S.C. 1961 *et seq.*

### COUNT I.
### ST. LUKE'S HEALTH SYSTEMS, LTD. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff Taylor re-pleads all previously well pled allegations as if rewritten in their entirety herein.

14. St. Lukes provided medical services to Plaintiff Taylor and billed Plaintiff for those services.

15. Idaho Arthritis provided medical services to Plaintiff Taylor and is not a affiliated with St. Lukes except for leasing office space from them, and apparently allowing St. Lukes to bill for them.

16. St. Lukes billed Plaintiff Taylor for the services rendered by Idaho Arthritis, a separate and distinct entity from any St. Luke's Health Services, Ltd.'s business entities.

17. Because St. Lukes billed Plaintiff Taylor for services from a third party, St. Lukes became a debt collector, as defined by 15 U.S.C. 1692a.

18. St. Lukes is an unlicensed debt collector as required by Idaho Code § 26-2223.

19. The FDCPA requires debt collectors to provide Notice; St. Lukes on all communications to Plaintiff Taylor, failed to provide any such notice thereby violating 15 U.S.C. 1692e.

20. Further, St. Lukes billing and accepting of Plaintiff Taylor's payments on behalf of Idaho Arthritis confused the issues of the debt, the debt's proper owner, and St. Luke's role in this matter, thus becoming a co-conspirator.

VERIFIED COMPLAINT- Page 6 of 15

## COUNT II.
## CONSPIRACY

21.  Plaintiff Taylor re-pleads all previously well pled allegations as if rewritten in their entirety herein.

22.  Defendants each severally and collectively engaged in a civil conspiracy to harass, intimidate, and impinge Mr. Taylor's reputation by seeking a judgment for a debt that was paid in full, essentially collecting on an unlawful debt, as defined by 18 U.S.C. 371 *et seq.*

23.  Defendants CBI, Clark, Michaelson, and Ruina were unjustly enriched by the judgment in the Idaho Court as a direct result of this conspiracy.

24.  Defendants CBI, Clark, Michaelson, and Ruina violated the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* and involved the other Defendants in the conspiracy by misrepresenting the amount owed, the status of the debt, collection of an unlawful debt and becoming a second active debt collector, because Defendant St. Lukes was still actively engaged as a debt collector.

25.  Defendants perpetrated a fraud upon the Court by failing to disclose they knew Mr. Taylor was making payments on this account through the first collection agency, St. Lukes, was paid in full and that St. Lukes held the valid, legal or apparent assignment of this debt.

26.  At the time of the trial, Plaintiff Taylor had canceled checks from his bank, made payable to St. Lukes, transferred to Idaho Arthritis, and eventually deposited by Defendant CBI, a professional collection organization, who knew, or should have known that St. Lukes was acting as a collection agency, collecting on this alleged debt, and therefore, held all rights of assignment.

27. Defendant St. Lukes, by failing to forward Plaintiff Taylor's proportioned payments to Idaho Arthritis, committed a fraud against Mr. Taylor by continuing to accept payments, not apportioning correctly, and failing to advise Plaintiff Taylor how his payments were being applied to the outstanding balances at both St. Lukes and Idaho Arthritis.

28. Defendant Idaho Arthritis committed a fraud against Plaintiff Taylor by knowing St. Lukes was collecting on their outstanding balance and allowing CBI to collect this debt.

29. Defendant Idaho Arthritis directly conspired with Defendants CBI, Clark, Michaelson, and Ruina to continue this fraudulent collection proceeding.

30. Defendants all colluded with each other to collect on this paid in full debt, apparently to run up attorney's fees for the prosecution of their state court action.

31. Defendants' conspiracy resulted in direct economic damages to Plaintiff Taylor, as well as causing Plaintiff Taylor severe emotional distress including difficulty in relating to others, loss of happiness, loss of concentration and mental anguish, embarrassment, humiliation, loss of credit rating, and other damages to be determined at trial.

### COUNT III.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### COLLECTING AN AMOUNT NOT PERMITTED BY LAW

32. Plaintiff Taylor re-pleads all previously well pled allegations as if rewritten in their entirety herein.

33. On June 28, 2011, Plaintiff Taylor mailed, by U.S. Postal first class mail, with correct addresses, postage, and account numbers on check number 522 for $100; however, check 522 was misplaced, destroyed, or deliberately withheld by one of the Defendants. PLAINTIFF'S EXHIBIT 2.

VERIFIED COMPLAINT- Page 8 of 15

34. Defendants CBI, Michaelson, and G. Connie Ruina violated the Fair Collection Practices Act 15 U.S.C. 1692f(1) by proceeding with the lawsuit in Idaho Court after Plaintiff, Mr. Taylor, had made his final payment to Idaho Arthritis & Osteoporosis, P.C. on July 15, 2011 for $228.49; receiving a paid in full receipt on receipt number 150178 received by initials MLH. See PLAINTIFF'S EXHIBIT 3 attached hereto.

35. Defendants CBI, Michaelson, and Ruina proceeded with the state lawsuit. On July 27, 2011 obtained a judgment in the amount of $2,792.83, which included Defendant's costs and attorney's fees, even though the debt had been paid in full twelve (12) days earlier pursuant to receipt from Defendant Idaho Arthritis. (See Plaintiff's Exhibit 3)

36. While preparing for the state trial, Plaintiff Taylor, found one (1) check was not cashed, check 522; Plaintiff Taylor then went to Defendant Idaho Arthritis on July 26, 2011 to pay the "lost" check number 522, but Defendant Idaho Arthritis refused payment at that time stating the matter was proceeding to a "hearing tomorrow."

37. At the time of the trial, on July 28, 2011, the maximum debt would have been $100.00 due to Defendant's negligence or deceit; however, at trial, Plaintiff, Mr. Taylor, produced a copy of the missing check, which was mailed on June 28, 2011 with proper address and correct postage, but Defendants Clark, Michaelson and Ruina convinced the state district court judge to disallow this check as evidence because Plaintiff Taylor only had a copy of the front of the check along with a copy of the envelope the check was mailed in.

38. Plaintiff Taylor asked for a continuance to go to his bank to attempt to retrieve the reverse side of the check to prove payment, Defendants Clark, Michaelson, and Ruina objected and received the judgment; this after the Judge granted a thirty (30) minute recess to allow Defendant Clark, Michaelson, and Ruina time to contact their client, Idaho Arthritis.

VERIFIED COMPLAINT- Page 9 of 15

39. The Judge in the Idaho Court case found that Plaintiff Taylor owed $79.83, plus attorney's fees of $2,600.00 and $113.00 in costs based on misrepresented facts presented by Defendants Idaho Arthritis, CBI, and Clark, Michaelson, and Ruina.

### COUNT IV.
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
### HARASSMENT

40. Plaintiff Taylor re-pleads all previously well pled allegations as if fully rewritten herein.

41. Defendants utilized abusive and harassing techniques in collection of this paid debt violating the FDCPA 15 U.S.C. 1692 *et seq.* by knowingly proceeding with a lawsuit against Plaintiff Taylor on a debt that was paid in full.

42. Defendants' actions were intended to harass, humiliate, embarrass, loss of happiness, and to defraud Plaintiff Taylor of an additional $2,798.83 for a debt that was paid in full prior to the trial.

### COUNT V.
### COLLECTION OF ILLEGAL DEBT AND BARRATRY

43. Plaintiff Taylor re-pleads all previously well pled allegations as if fully rewritten herein.

44. Defendants Idaho Arthritis, CBI, Clark, Michaelson, and Ruina all conspired to conduct a baseless, vexatious, harassing lawsuit on an alleged debt; specifically so Defendants Clark, Michaelson, and Ruina could collect on attorney's fees. Idaho Code § 18-1001.

### COUNT VI.
### FRAUD

45. Plaintiff Taylor re-pleads all previously well pled allegations as if fully rewritten herein.

VERIFIED COMPLAINT- Page 10 of 15

46. Defendants, collectively and severally, perpetrated a fraud, as defined by Idaho Code § 18-7803(10) and 18 U.S.C. 47 § 1001.

47. Defendants had been duly compensated for the services previously billed prior to the state action on July 28, 2011; however, Defendants proceeded with a fraudulent, barratrious, and vexatious lawsuit for the sole purpose of collecting attorney fees from Plaintiff Taylor.

48. Defendants, by misstating the facts, negligence, or fraud sought to collect on a debt; a debt which had previously been paid in full, a clear violation of the FDCPA.

49. Defendants Idaho Arthritis, CBI, and Clark, Michaelson and Ruina knew or should have known that Defendant St. Lukes was the original assignee of this debt, and was actively collecting on this debt, as evidenced by Plaintiff Taylor's cashed checks.

50. Defendants Idaho Arthritis, CBI, and Clark, Michaelson and Ruina with scienter sought to collect on this paid debt.

51. Defendants Idaho Arthritis, CBI, and Clark, Michaelson and Ruina allowed the Idaho Court to justifiably rely on their fraudulent statements of fact to render a verdict in that case.

## COUNT VII.
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

52. Plaintiff Taylor re-pleads all previously well pled allegations as if fully rewritten herein.

53. Defendants by their actions intentionally and with malice, inflicted severe emotional distress upon Plaintiff Taylor by prosecuting the vexatious, barratrious, and fraudulent lawsuit causing Plaintiff Taylor to have sleepless nights, anxiety, apprehension, fear,

embarrassment, frustration, anger and other emotional problems as a result of this unlawful collection of this paid debt.

54. Defendants CBI, Clark, Michaelson, and Ruina intentionally caused Plaintiff Taylor further emotional distress by seeking wage garnishments from Plaintiff Taylor's employer causing Plaintiff Taylor further embarrassment, humiliation, anxiety, indignation, shock, irritability, conflict with co-workers, and irreparable damage to Plaintiff Taylor's reputation .

55. As a direct result of the emotional distress caused by Defendants, collectively and severally, Plaintiff Taylor was removed from his position as Department Head and teacher from Brown Mackie College-Boise, thereby causing Plaintiff Taylor to lose all sources of earned income.

## COUNT VIII
### VIOLATIONS OF RACKETEERING INFLUENCE AND CORRUPT ORGANIZATIONS ACT

56. Plaintiff Taylor re-pleads all previously well pled allegations as if fully rewritten herein.

57. Defendants, Idaho Arthritis, CBI, and Clark, by their actions, have violated the Racketeering Influence and Corrupt Organizations Act 18 U.S.C. 1962 *et seq.*

58. Defendants Idaho Arthritis, CBI, and Clark collected on a fraudulent, paid debt by collecting and seeking judgment on this alleged debt. Defendants conspired to violate multiple laws of the United States, as defined by 15 U.S.C. 1692 *et seq.*, 18 U.S.C. 371 *et seq.*, and 18 U.S.C. 47 *et seq.*

VERIFIED COMPLAINT- Page 12 of 15

59. Defendants knew or should have known this debt was paid in full due to payments being made through original debt collector St. Lukes and being transferred to Defendant Idaho Arthritis and ultimately Defendants CBI, Clark, Michaelson, and Ruina.

60. Defendants have demonstrated a pattern of racketeering by committing conspiracy, fraud, intentional infliction of emotional distress, harassment, and violating Federal and Idaho State Laws.

61. Defendants Idaho Arthritis, CBI, and Clark, Michaelson and Ruina's conduct violated 18 U.S.C. 1962(a).

62. Defendants Idaho Arthritis, CBI, and Clark, Michaelson and Ruina's conduct violated 18 U.S.C. 1962(b).

63. Defendants Idaho Arthritis, CBI, and Clark, Michaelson and Ruina's conduct violated 18 U.S.C. 1962(c).

64. Defendants Idaho Arthritis and St. Lukes violated 18 U.S.C. 1962(a).

### PRAYER FOR RELIEF

Plaintiff prays for the following relief:

1. For statutory damages for violations of the FDCPA 15 U.S.C. 1652 *et seq.* to be proven at trial;
2. For damages caused by the Conspiracy between the Defendants, to be proven at trial.
3. For damages for violations of collecting an Illegal Debt and Barratry to be proven at trial.
4. For damages for Intentional Infliction of Emotional Distress to be proven at trial.
5. For damages to Plaintiff Taylor's reputation to be proven at trial.
6. For damages for Fraud to be proven at trial.

VERIFIED COMPLAINT- Page 13 of 15

7. For damages for RICO violations to be proven at trial.

8. For direct economic damages in the amount of $2,795.28 plus time missed from work and any payments made on the debt.

9. For Defendants Clark and CBI to remove all references of the Idaho State Judgment from Plaintiff Taylor's credit reports from all four (4) credit reporting bureaus.

10. For non-economic damages in the amount to be proven at trial.

11. For punitive damages to be determined at trial.

12. For Defendants to pay for all costs and attorney's fees.

13. PLAINTIFF DEMANDS A JURY TRIAL.

Dated April 24, 2012.

Ryan T. Earl
Attorney for Plaintiff

**VERIFICATION**

STATE OF IDAHO    )
                  )ss
COUNTY OF CANYON  )

Wayne Taylor, being first duly sworn upon oath, says:

That he is the Plaintiff in the above-titled matter, that he has read the above foregoing Verified Complaint; the he knows the contents thereof and believes that the facts stated herein are true.

_____
Wayne Taylor

SUBSCRIBED AND SWORN to before me this 23rd day of April 2012

_____
NOTARY PUBLIC FOR IDAHO

BRIAN E. HEFNER
Notary Public
State of Idaho

Residing at: Nampa

Commission Expires: July 12, 2017

COMPLAINT- Page 15 of 15

St Luke's

Patient Name:      TAYLOR, WAYNE
Date(s) of Service: 03/10/10
Account Number:    313677866

March 15, 2010

Dear WAYNE W TAYLOR:

Thank you for choosing St. Luke's for your health care services. A summary of charges is listed on the back side of this page.

**We have billed the insurance(s) listed below.** We will send you monthly statements to keep you up-to-date on your account's status.

|  | Primary Insurance |
|---|---|
| Name of Insurance | BLUCROSS/BLUSHIEL100 |

There is no need to call if the above information is correct. If it is not correct, please contact us immediately at the phone numbers listed below so that we may file your claim within the time limit required by your insurance company.

If you do not have insurance, payment for this balance is now due. If you are unable to pay in full, please contact our office to make payment arrangements. You may pay by phone, in person, or online at www.stlukesonline.org/billing.

Radiologists, pathologists, anesthesiologists and other treating physicians or surgeons will bill you separately for their services, if provided. If you have any questions regarding bills from these providers, please contact them directly.

If you have questions about this account, our customer service representatives can help you Monday through Friday from 8:00 a.m. to 5:00 p.m. Mountain Time.

Sincerely,
Patient Financial Services
(208) 706-2333
(800) 342-3432

---

PLEASE RETAIN THIS PORTION FOR YOUR RECORDS     PLEASE DETACH AND RETURN LOWER PORTION WITH YOUR PAYMENT

☐ Check box if below address is incorrect and indicate change(s) on reverse side.
Please write your account number on your check. Make check payable to St. Luke's.


St Luke's
PO BOX 2578
BOISE, ID 83701-2578           33493

ADDRESS SERVICE REQUESTED

Patient Name:   TAYLOR, WAYNE

IF PAYING BY CREDIT CARD, PLEASE CHECK BOX FOR SELECTION AND FILL OUT BELOW.
☐ MASTERCARD   ☐ DISCOVER   ☐ VISA   ☐ AMERICAN EXPRESS   ☐ DINERS CLUB
CARD NUMBER                                      SIGNATURE CODE
SIGNATURE                                        EXP DATE

| DUE DATE | STATEMENT DATE | ACCOUNT NUMBER |
|---|---|---|
| NA | 03/15/10 | 313677866 |
| $958.00 | SHOW AMOUNT PAID HERE | $ |


0101

WAYNE W TAYLOR
1343 N TASAVOL AVE
KUNA, ID 83634-3111

ST. LUKE'S
PO BOX 2578
BOISE, ID 83701-2578

**PLAINTIFF'S EXHIBIT 1**

33493*SW10PWW8I002152                                      Page: 1

MARION C STONEHOUSE
1343 N TASAVOL AVE
KUNA, ID 83634

522
16-66/1220
2474

6/28/2011

$100.00

One Hundred 0 no/100

Bank of America
Oak Brook
2012 E Ave De Los Arboles
Thousand Oaks CA
800.378.5362

522560  /2474 Taylor

⑈ 4 2 2000 66 ⑈: 0 5 2 2 ⸺ 2 4 7 4 5 ⸺ 4 0 4 5 ⸺

WAYNE TAYLOR
1343 North Tasavol Avenue
Kuna, Idaho
83634-3111

ST. LUKES
190 EAST BANNOCK STR.
BOISE, ID 83712

**PLAINTIFF'S
EXHIBIT 2**

**RECEIPT**

DATE 7/15/11　　No. 150178
FROM Wayne Taylor　　$228.49
Pt# 1,2916
　　　　　　　　　　　　　　DOLLARS
FOR RENT / FOR: final payment ROA
ACCT.　○ CASH　FROM　TO
PAID　○ CHECK
DUE　○ MONEY ORDER　BY MRH

**PLAINTIFF'S EXHIBIT 3**